# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JACKIE STALEY | § § § | |
| V. | § § | CASE NO. 4:12-CV-00184 (Judge Mazzant) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for supplemental security income. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be remanded.

## HISTORY OF THE CASE

Plaintiff protectively filed an application for supplemental security income under Title XVI of the Social Security Act on August 10, 2009, alleging disability beginning February 1, 2009 (TR 58). The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on April 19, 2011 (TR 58, 69).

After holding a hearing, the ALJ denied Plaintiff's request for benefits on May 23, 2011 (TR 55). Plaintiff requested Appeals Council review of the ALJ's decision on June 6, 2011, which was denied by the Appeals Council on February 29, 2012, making the decision of the ALJ the final decision of the Commissioner leading to judicial review (TR 1-7, 131).

## STATEMENT OF THE FACTS

Plaintiff was born on July 26, 1974, making him thirty-five years old on the date his

1

application was filed, which is defined as a "younger individual" (TR 68). Plaintiff has an 11th grade education, and is able to communicate in English (TR 62, 68).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After a discussion of the medical data regarding Plaintiff and hearing testimony, the ALJ made the prescribed sequential evaluation. The ALJ held that Plaintiff had not performed substantial gainful work since the date of his application (TR 60). The ALJ concluded that although Plaintiff's medical impairments were severe, they were not severe enough either singly or in combination to meet or medically equal the listed impairments (TR 60). The ALJ found that Plaintiff retained the residual functional capacity to perform the full range of medium work and "can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in his routine work setting" (TR 61). The ALJ further found that Plaintiff has no past relevant work (TR 68). However, at step five of the sequential evaluation process, the ALJ, relying upon the Medical-Vocational Guidelines, found that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and therefore found Plaintiff not disabled (TR 68-69).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment

for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985). Further, the Court limits the scope of its judicial review to the points of error argued by the parties in the briefs they have submitted. *Stafford v. Comm'r of Soc. Sec. Admin.*, No. 1:01-CV-249, 2003 U.S. Dist. LEXIS 15619, at *5 (E.D. Tex. Feb. 11, 2003) *report and recommendation adopted*, 1:01-CV-249, 2003 U.S. Dist. LEXIS 15609 (E.D. Tex. Mar. 14, 2003).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2012). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in

the national economy. 20 C.F.R. § 404.1529(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff asserts two issues on appeal: (1) whether the ALJ improperly rejected the opinion of Plaintiff's treating physician; and (2) whether the ALJ's residual functional capacity finding was supported by substantial evidence.

In his first issue, Plaintiff asserts that the ALJ improperly applied the treating physician rule by rejecting the opinion offered by Dr. Visalakshi Vallury in the Residual Functional Capacity Questionnaire dated August 30, 2010, without clearly considering each of the six factors found in 20 C.F.R. § 416.927(d) and without fully describing his reasons for doing so. The Fifth Circuit has held that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). "[A]n ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Id.* at 456. Plaintiff argues that the ALJ's rejection of Dr. Vallury's opinion can be inferred from the ALJ's contradictory residual functional capacity findings, the "great weight" given to non-examining state agency physician opinions, and the omission of the weight granted by the ALJ to Dr. Vallury's opinion.

The Commissioner responds that Dr. Vallury is not properly classified as a treating physician under 20 C.F.R. § 416.927(c)(2) because he cannot provide a detailed, longitudinal opinion of the Plaintiff due to the limited extent of their relationship, as found in the record. Alternatively, the Commissioner argues that the ALJ had good reasons not to afford Dr. Vallury's opinion controlling weight, such as Dr. Vallury's "brief and conclusory" checklist residual functional capacity opinion, his lack of reference to examination or treatment documents

to support his opinion, and his failure to provide evidence of any specialization to support his opinions.

The ALJ's decision to grant greater weight to the state agency physicians is not sufficient evidence to prove that Dr. Vallury's opinion was not given *any* weight, merely that it was not granted *controlling* weight. As such, there is no evidence to support Plaintiff's assertion that the ALJ "declin[ed] to give any weight to the opinions of the claimant's treating specialist." *Newton*, 209 F.3d at 456. Instead, it can only be reasonably inferred from the evidence that the ALJ chose to *discount* Dr. Vallury's opinion. "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id*. The ALJ's decision indicates that his residual functional capacity finding was made "[a]fter careful consideration of the entire record," and summarizes the entirety of the medical evidence found in the record in support of the finding, including specifically addressing Exhibit 22F (the "Physical Residual Functional Capacity Questionnaire" completed by Dr. Vallury) (TR 61-68). In according "great weight" to the non-examining state agency physicians opinions as part of the same analysis, the ALJ noted that while non-examining physician opinions do not deserve as much weight as those of an examining physician as a general matter, in this case, there were "a number of other reasons to reach similar conclusions" (TR 67-68).

The Commissioner's assertion that Dr. Vallury is not properly classified as a treating physician because he cannot provide a detailed, longitudinal opinion of the Plaintiff fails under proper examination. A treating source is defined under 20 CFR § 416.902 as an "acceptable medical source who provides [Plaintiff], or has provided [Plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [Plaintiff]." 20 CFR § 416.902. The Commissioner attempts to support his argument by citing to § 416.927(c)(2);

however, § 416.927(c)(2) merely indicates that treating sources "are likely to be . . . most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s)[,]" not that the ability to do so is a requirement to be considered a treating source. The medical evidence in the record shows that Plaintiff had an ongoing treatment relationship with Dr. Vallury between February 2010 and March 2011, during which he was seen numerous times.

As to the Commissioner's alternative argument that the ALJ had good reasons not to afford Dr. Vallury's opinion controlling weight, "[t]he courts may not accept appellate counsel's post hoc rationalizations for agency action." *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (U.S. 1962). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455. While any of the reasons articulated by the Commissioner could potentially have been cited by the ALJ in an attempt to establish good cause for discounting the weight given to Dr. Vallury's treating opinion, the ALJ did not do so. Instead, the ALJ failed to provide an explanation as to how he weighed Dr. Vallury's opinion, directly in violation of the requirement that when a determination or decision is not fully favorable, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).[1] The ALJ's failure to explain the weight he gave to the opinion constitutes error. This Court cannot determine what the ALJ would have done had he evaluated Dr. Vallury's opinion properly. It is possible, as Plaintiff contends, that the ALJ might have reached a different residual functional capacity finding had he assigned greater weight to the opinion after conducting the required analysis, and

---

1 While "[t]he Social Security Administration's rulings are not binding on this court . . . [t]he Fifth Circuit has frequently relied upon the rulings in evaluating ALJs' decisions." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (internal citations omitted).

a more limited residual functional capacity finding could have impacted the ALJ's step five determination. Because of the ALJ's error in failing to articulate specific reasons for the weight given to Dr. Vallury's treating opinion, this case should be remanded for further review as to the proper weight to assign Dr. Vallury's opinion.

Plaintiff's second issue of contention is that the ALJ's residual functional capacity finding is not supported by substantial evidence because it fails to include mental limitations assessed by examining physicians. Plaintiff argues that the ALJ failed to include the mental limitations assessed by Dr. Anderson and Dr. Kalra, both examining physicians, in his residual functional capacity finding and that in doing so, the ALJ improperly relied upon the Medical-Vocational Guidelines when making his step five finding. In making his determination, "the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. Tex. 2000). "[T]he ALJ is not required to discuss every piece of evidence in the record, [but he] must confront the evidence opposing h[is] conclusion and explain why it was rejected." *Vasquez v. Astrue*, No. 3:10-CV-1072-BH, 2010 WL 5464870, at *10 (N.D. Tex. Dec. 30, 2010). In adopting the mental residual functional capacity assessment of the non-examining state agency physician, the ALJ failed to confront the more severe functional limitations found by the examining physicians. "[A]n ALJ may properly rely on a non-examining physician's assessment when . . . those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). In this case, the findings of two examining physicians, who each independently reached conclusions that agreed with each other, were in conflict with the findings of the non-examining state agency physician. The Commissioner argues that the non-examining state agency physician opinion that the ALJ adopted incorporated all of the record evidence, including the opinions of Dr. Anderson and Dr. Kalra. However, this opinion may not acquire "bootstrapped authority" from the sources it relies

upon. *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980). Without further insight into the ALJ's analysis of the opinions of Dr. Anderson and Dr. Kalra when making his residual functional capacity determination, this Court cannot find that substantial evidence supports the ALJ's determination of Plaintiff's mental residual functional capacity. Therefore, this case should be remanded for further review as to the ALJ's incorporation of the opinions of Dr. Anderson and Dr. Kalra into his determination of Plaintiff's mental residual functional capacity.

## **CONCLUSION**

Pursuant to the foregoing, it is **ORDERED** that the decision of the Administrative Law Judge is **REMANDED** for further review.

**IT IS SO ORDERED.**
**SIGNED this 13th day of June, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE